## Nellie Carlin, Administratrix, Appellee, v. Peerless Gas Light Company, Appellant.

### Gen. No. 22,787.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. JO-SEPH H. FITCH, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed May 21, 1917. Rehearing denied June 4, 1917.

### Statement of the Case.

Action by Nellie Carlin, administratrix of the estate of Max Glick, deceased, plaintiff, against the Peerless Gas Light Company, a corporation, defendant, to recover for the death of plaintiff's intestate while in defendant's employ. From a judgment for plaintiff for $5,000, defendant appeals.

The declaration alleged that the defendant, Peerless Gas Light Company, a corporation, on April 9, 1903, was engaged in the business of manufacturing burners, mantles, etc.; that in the doing of such business it occupied and used a certain floor or floors of a building in the City of Chicago; that the defendants Ida Hambrook and Adele T. Bassett on said date owned

*See *Illinois Notes Digest,* Vols. XI to XV, and *Cumulative Quarterly,* same topic and section number.

and managed said building; that the building contained a certain elevator shaft, running through and past the different floors of the building; that at the time aforesaid plaintiff's intestate was employed by the defendant corporation, and that it thereupon became and was the duty of such defendant to provide plaintiff's intestate, Max Glick, with a reasonably safe place in which to work; that it was the duty of the other said defendants to keep and maintain the elevator shaft in question in a reasonably safe condition, so that persons rightfully in and upon the premises would not be injured.

It was further averred that the defendant corporation in disregard of its duty allowed and permitted a certain large number of boxes, bales or barrels to be piled up in its plant or factory, "so that by reason thereof they became and were dangerous and unsafe"; that the other defendants, owners of the building, negligently permitted the elevator shaft to be unprotected and unguarded at or near the floor of said building occupied by the defendant corporation, and in proximity to which the said barrels, bales or boxes were so piled; that while plaintiff's intestate was at work for the defendant corporation at the place aforesaid, and in the exercise of due care for his own safety, the said pile of boxes, barrels or bales was caused to and did totter, and some of the said boxes, barrels or bales by reason thereof were caused to and did fall upon plaintiff's intestate while he, in the exercise of due care, was in the act of getting "out of the way of said barrels, boxes or bales, as aforesaid, when he was caused to and did fall down and through said elevator shaft or hoistway to and upon the ground or basement floor, and which said fall was caused by the joint and concurrent negligence of the said defendants"; that by reason of such fall plaintiff's intestate was killed, etc.

MAYER, MEYER, AUSTRIAN & PLATT, for appellant; ABRAHAM MEYER, of counsel.

DARROW, MASTERS & WILSON and J. L. BAILY, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 123*—*what part of premises need not be kept safe.* An employer is under no obligation to a servant to keep in a safe condition that part of his premises where the duties of the servant do not require his presence.

2. MASTER AND SERVANT, § 535*—*when declaration shows that death of employee occurred at place of employment.* The declaration *held* to sufficiently set forth that the accident which caused the death of plaintiff's intestate occurred at a place where the deceased was, in the course of his employment, at work for the defendant.

3. MASTER AND SERVANT, § 699*—*when evidence sufficient to show that employee was properly at place of accident.* Evidence *held* sufficient to warrant the finding that plaintiff's intestate in the course of his employment for the defendant was properly at the place where the accident resulting in his death happened.

4. MASTER AND SERVANT, § 127*—*when rule that employer not required to keep place safe where conditions are changing has no application.* The rule that an employer is not required to keep in a reasonably safe condition a place where a servant is at work where the conditions of such place are constantly changing, as in the construction of a bridge, has no application where an employee's death was not caused by any changing condition in the prosecution of the work.

5. MASTER AND SERVANT, § 699*—*when evidence insufficient to show that servant had timely warning of movement of boxes.* In an action for the death of a servant due to the falling of certain boxes which precipitated him into an unguarded elevator shaft, evidence *held* insufficient to show that plaintiff's intestate had warning of the movement of the boxes in time to have avoided them.

6. MASTER AND SERVANT, § 706*—*when question whether servant was working at place of accident at time of death is for jury.* The question whether plaintiff's intestate was at and immediately before

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

his fall down an elevator shaft whereby his death occurred, working at the place where the accident happened, *held* properly submitted to the jury upon evidence admitted to sustain the theories of both parties to the action.

7. WITNESSES, § 253*—*when credibility of witness is for jury.* Where a statement in writing made by a certain witness shortly after an accident to plaintiff's intestate, resulting in the death of such intestate, tended to contradict in important particulars the testimony of such witness as the only eyewitness of the accident testifying on behalf of the plaintiff, *held* that it was the province of the jury to determine the credence to be given such testimony.

8. MASTER AND SERVANT, § 782*—*when instruction properly refused as not in conformity with evidence.* An instruction based upon the finding by the jury that plaintiff's intestate was at the place where the accident resulting in his death occurred contrary to instructions given him by his forewoman in his employment for defendant, *held* properly refused where there was no evidence referred to from which it could be inferred that the deceased had been directed by the forewoman not to be at such place.

9. DEATH, § 39*—*when demurrer to plea of statute of limitations is properly sustained.* In an action for the recovery of damages for wrongfully causing the death of plaintiff's intestate, brought after one year and within two years after such death, where the law in force at the time of such death providing that such actions should be commenced within two years after the death of the person was amended after the death of plaintiff's intestate so as to provide that such actions should be brought within one year after the death, *held* that a demurrer to defendant's plea that such action was not brought within one year after the death of plaintiff's intestate was properly sustained, as the act was not retrospective.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.